# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

JOSEPH A. ROMERO                    CIVIL ACTION NO. 6:14-cv-1164
      LA. DOC #125620
VS.                                 SECTION P

                                    JUDGE HAIK

WARDEN BURL CAIN                    MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

*Pro se* petitioner Joseph A. Romero filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on June 6, 2014.[1]  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  Petitioner attacks his 2009 convictions for unauthorized use of motor vehicles (three counts) and aggravated flight from an officer (two counts), entered by the Sixteenth Judicial District Court for Iberia Parish, Louisiana, for which he was sentenced as an habitual offender to eighty-four years imprisonment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons, it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

---

[1]The petition was signed by petitioner on June 6, 2014, but was not emailed to this Court by the prison legal department until June 11, 2014. [*See* Doc. 1, pg. 15-16].  Accordingly, the Court has given petitioner the benefit of the "mail box" rule.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2009, petitioner was convicted of three counts of unauthorized use of a motor vehicle and two counts of aggravated flight from an officer. On May 21, 2009, the Court imposed consecutive sentences totaling 34 years (10 years per count of unauthorized use of a motor vehicle and two years per count of aggravated flight from an officer). On the same date, the State filed an habitual offender bill. Thereafter, on July 29, 2009, petitioner was adjudicated a fourth felony offender and sentenced to serve 60 years on the first count of unauthorized use of a motor vehicle to run consecutively with the sentences previously imposed on the remaining counts of unauthorized use and aggravated flight from an officer, for a total of eighty-four years imprisonment. [*See* Doc. 1-2, pp. 63-64, "Action of the Trial Court" in petitioner's appellate brief].

Petitioner appealed his convictions, habitual offender adjudication and sentences to the Third Circuit Court of Appeals raising both counseled and *pro se* assignments of error.[2] On February 2, 2011, the Third Circuit affirmed petitioner's convictions, habitual offender adjudication and sentences in an unpublished opinion. *State of Louisiana v. Joseph Anthony Romero*, 2009-1507 (La. App. 3 Cir. 2/2/2011), 57 So.3d 614 (Table), 2011 WL 309183. [*See also* Doc. 1-4, pp. 1-23, Slip Opinion].

───────────────

[2] Petitioner's court-appointed appellate counsel asserted five Assignments of Error: (1) insufficiency of the evidence; (2) improper joinder of offenses; (3) denial of the right to present an alibi defense; (4) erroneous admission of prior convictions in the habitual offender proceedings; and (5) excessiveness of sentence. [Doc. 1-2, pp. 54-81]. Petitioner's *pro se* brief argued a single claim – the trial court erred when it denied petitioner's motion to recuse Judge McClelland. [Doc. 1-2, pp. 82-87].

Petitioner signed his *pro se* application for rehearing on February 13, 2011; it was mailed to the Third Circuit on February 14, 2011. [Doc. 1-4, pp. 24-25, 27-32, 61-62]. On March 16, 2011, the Third Circuit denied rehearing. [Doc. 1-4, p. 33].

On April 11, 2011, petitioner submitted a *pro se* application for a writ of *certiorari* to the Louisiana Supreme Court, arguing error with regard to the rulings on the five counseled assignments of error and his *pro se* assignment of error. [Doc. 1-4, pp. 34-59[3]]. On October 14, 2011, the Louisiana Supreme Court denied writs without comment. *State of Louisiana v. Joseph Anthony Romero*, 2011-0741 (La. 10/14/2011), 74 So.3d 216. [*See also* Doc. 1-2, p. 13]. Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)].

On October12, 2012, petitioner filed a *pro se* application for post-conviction relief in the Sixteenth Judicial District Court raising claims of ineffective assistance of trial and appellate counsel. [Doc. 1-2, pp. 1-12; 14-53[4]]. On January 4, 2013, the District Court

---

[3] Petitioner's writ application for *certiorari* is undated, however, petitioner alleges elsewhere that his application was filed on April 11, 2011. [*See e.g.* Doc. 1-7, p. 7].

[4] Petitioner argued the following instances of ineffective assistance of trial counsel: (A) counsel failed to perform proper pretrial discovery and failed to investigate, interview, and call witnesses; (B) counsel failed to give Notice of Alibi witnesses and failed to interview and call those witnesses; (C) counsel failed to investigate the record regarding double jeopardy and failed to challenge the prosecution on that basis; (D) counsel failed to file a motion to suppress; (E) counsel adopted insufficient *pro se* motions and failed to object and take writs on the issue of limitations; (F) counsel failed to subject the State's case to meaningful adversarial testing; (G) counsel failed to prepare and present a defense; (H) counsel failed to request jury instruction regarding inconsistent testimony; and (I) the cumulative effects of counsel's errors. He argued the following instances of ineffective appellate counsel: (A) counsel misquoted the record; and, (B) counsel failed to argue limitations. [Doc. 1-2, pp. 1-12, 14-53].

denied post-conviction relief; notice of judgment was mailed to petitioner by the Clerk of Court on January 10, 2013. [Doc. 1-6, pp. 20-25].

On January 28, 2013, petitioner filed a Notice of Intent to seek writs [Doc. 1-6, pp. 26-28] and on February 15, 2013, he submitted his writ application to the Louisiana Third Circuit Court of Appeals. [Doc. 1-6, pp. 29-60]. On June 27, 2013, the Third Circuit denied writs and mailed notice of judgment to petitioner. *State of Louisiana v. Joseph Anthony Romero*, No. KH 13-00180 (La. App. 3 Cir. 6/27/2013). [Doc. 1-6, p. 61].

Petitioner filed a *pro se* application for rehearing in the Third Circuit Court of Appeals. [Doc. 1-6, pp. 64-70[5]]. The application was received and filed by the Clerk of the Third Circuit on July 15, 2013. [Doc. 1-6, p. 71]. The Third Circuit denied petitioner's reqeust without comment on September 11, 2013. [Doc. 1-7, pg. 34-35, *State of Louisiana v. Joseph Anthony Romero*, 2013-00180 (La. App. 9/11/2013), 120 So.3d 356 (Table)].

Petitioner applied for writs in the Louisiana Supreme Court in a pleading bearing a certificate of service stating that the writ "has been placed in the hands of the Classifications Office of the Louisiana State Penitentiary for mailing to the Clerk of Court for the Louisiana Supreme Court" on August 1, 2013. [Doc. 1-7, pp. 1-33].

On September 11, 2013, the Third Circuit denied rehearing without comment. [Doc. 1-7, pp. 34-35; *see also State of Louisiana v. Joseph Anthony Romero*, 2013-00180 (La. App. 9/11/2013), 120 So.3d 356 (Table)].

---

[5] Petitioner's application for rehearing is undated.

4

On September 22, 2013, petitioner filed a Supplemental Writ Application with the

Louisiana Supreme Court arguing that the Third Circuit erroneously denied petitioner's

request for rehearing. [Doc. 1-7, pp. 36-49].  On March 14, 2014, the Supreme Court

denied writs without comment. *State of Louisiana ex rel. Joseph Anthony Romero*, 2013-

1904 (La. 3/14/2014), 134 So.3d 1191. [Doc. 1-7, p. 50].

Petitioner filed the instant petition for writ of *habeas corpus* on June 6, 2014.[6]

## LAW AND ANALYSIS

### I.  Federal One-Year Limitation Period

Title 28 U.S.C. § 2244(d)(1)(A) provides a one-year statute of limitations for the

filing of federal petitions seeking *habeas corpus* relief by persons, such as petitioner, who

are  in custody pursuant to the judgment of a State court.  This limitation period generally

runs from "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review . . . . " 28 U.S.C.

§ 2244(d)(1)(A).[7]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time

during which a properly filed application for post-conviction relief is pending in state

---

[6]*See* fn.1, *supra.*

[7] Nothing in the record suggests that any State created impediments prevented the filing
of this petition. Further, nothing in the record suggests that petitioner is relying on a
constitutional right newly recognized by the United States Supreme Court and made retroactively
applicable to cases on collateral review.  Finally, nothing in the record suggests that the factual
predicate of the claims presented was only recently discovered. *See* 28 U.S.C. § 2244(d)(1)(B),
(C), and (D). Accordingly, these provisions are inapplicable.

court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period (*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) *citing Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)) and, of course, the limitations period is tolled only for as long as the state application remains "properly filed" and pending in the state's courts. *See Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Direct review of petitioner's convictions and sentences was denied by the Louisiana Supreme Court on October 14, 2011, and petitioner did not seek further direct review in the United States Supreme Court. Thus, petitioner's convictions and sentences became final after the delay for seeking direct review in the United States Supreme Court expired. In this case, that is, at the latest, January 14, 2012, ninety days after the Louisiana Supreme Court's denial of review on direct appeal. *See* Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) *citing Flanagan*, 154 F.3d at 197; *Clay v. United States*, 123 S.Ct. 1072, 1077 at fn. 3 (2003). Under 28 U.S.C. § 2244(d)(1), petitioner had one year, or until January 14, 2013, within which to file for relief in this Court.

6

Petitioner was able to statutorily toll the limitations period during the time petitioner had a "properly filed" state post-conviction proceeding "pending" in the Louisiana state courts.  28 U.S.C. § 2244(d)(2). An application for state post-conviction review remains pending, and thus the period of limitation remains tolled, until the state post-conviction review reaches its final resolution. *Dixon v. Cain*, 316 F.3d 553, 554 (5th Cir. 2003). In Louisiana, post-conviction review reaches its final resolution either when the Louisiana Supreme Court issues a final judgment or when the prisoner fails to seek the next level of post-conviction review in a timely fashion. *Id.* at 555.

Statutory tolling thus began on October 12, 2012, when petitioner filed his Application for Post Conviction Relief in the Sixteenth Judicial District Court.  However, prior to filing, a period of approximately nine months of the federal one-year limitation period had elapsed.  Statutory tolling continued during the time his "properly filed" Application remained "pending" in the District Court, that is, until relief was denied on January 4, 2013.  Thereafter, state post-conviction proceedings remained "pending" before the Third Circuit Court of Appeals during the pendency of petitioner's "properly filed" writ application under that Court's docket number KH 13-00180, through June 27, 2013, the date the Third Circuit denied petitioner's request for writs and mailed Notice of Judgment to petitioner.

Thirty days thereafter, however, on July 27, 2013[8], petitioner's post-conviction proceeding ceased to remain "properly filed" or "pending".  Under Louisiana Supreme Court Rule X, § 5(a), petitioner had a period of 30-days following the June 27, 2013 mailing of the Third Circuit's Notice of Judgment within which to file his writ application in the Louisiana Supreme Court.[9]  The record demonstrates that Notice of Judgment was mailed to petitioner on June 27, 2013, the same day Judgment was rendered by the Third Circuit.  The record clearly demonstrates that petitioner did not file his Louisiana Supreme Court writ application until, at the earliest, August 1, 2013, the date that the certificate of service states that the writ was "placed in the hands of the Classifications Office of the Louisiana State Penitentiary for mailing to the Clerk of Court for the Louisiana Supreme Court."  [Doc. 1-7, pg. 33].

Therefore, petitioner's untimely writ application, filed beyond  the 30-day period of limitations established by Supreme Court Rule X, § 5(a), was not a "properly filed" post-conviction pleading.  Moreover, when petitioner failed to file a timely writ application in the Louisiana Supreme Court, his state post-conviction proceeding was no longer "pending."  Therefore, this untimely writ application could not toll the limitations

---

[8]The Court realizes that July 27, 2013 was a Saturday.  However, even if the Court calculated the deadline as Monday, July 29, 2013, the writ application would nevertheless not have been timely filed.

[9] Louisiana Supreme Court Rule X, § 5(a) provides: "An application seeking to review a judgment of the court of appeal . . . after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . No extension of time therefor will be granted."

period. *Williams v. Cain*, 217 F.3d 303, 309-11 (5th Cir. 2000).[10]

   Petitioner cannot rely on his July, 2013 *pro se* application for rehearing which he filed in the Third Circuit Court of Appeals to extend the deadline set forth in  Supreme Court Rule X, §5(a).  Supreme Court Rule X, § 5(a) expressly provides that the thirty day deadline may be calculated from the date that rehearing is denied only "in those instances where rehearing is allowed".   However, Rule 2-18.7 of the Uniform Rules of the Louisiana Courts of Appeal[11] does not permit rehearing when an appellate court denies a writ; rather, rehearing is permitted only when an appellate court grants a writ application. *See Y.F.B. v. R.D.R.*, 2001-0345 (La. 2001), 787 So.2d 276 (holding that "[a]lthough relator's application in this court was filed within thirty days from the court of appeal's denial of rehearing, Supreme Court Rule X, § 5(a) extends the thirty day period for taking writs to this court only 'in those instances where a rehearing is allowed' in the court of

---

   [10]In *Williams v. Cain*, 217 F.3d 303, 309-11 (5th Cir. 2000), the Fifth Circuit confronted an issue identical to the issue presented herein.  In *Williams* the petitioner's application for supervisory writs was denied by the Louisiana intermediate appellate court on March 10, 1994. Williams filed his writ application in the Louisiana Supreme Court sometime in May 1995, beyond the thirty day period of limitations provided by Louisiana Supreme Court Rule X, § 5(a). The Fifth Circuit held that Williams's application for post-conviction relief in the Louisiana courts ceased to be "properly filed" for the purpose of § 2244(d)(2) when Williams failed to file his application for a supervisory writ with the Louisiana Supreme Court within the time allowed by Rule X, § 5(a).  The Court noted that Rule X, § 5(a) is a procedural requirement governing the time of filing. The rule sets out no specific exceptions to, or exclusions from, the requirement and forbids any extension of the thirty-day limit. *Williams v. Cain*, 217 F.3d at 308.  Moreover, the Court held that when Williams failed to comply with Rule X, § 5(a), his application ceased to be "pending" because further appellate review was no longer available to him. *Id.* at 310-311.

   [11]Uniform Rule 2-18.7 provides in pertinent part:  "An application for rehearing will be considered in cases where the court has: (A) Granted a writ application on the merits; (B) Dismissed an appeal; or (C) Ruled on the merits of an appeal."

appeal. Uniform Court of Appeal Rules 4-9 and 2-18.7 do not provide for a rehearing from a denial of an application for supervisory writs. Accordingly, the delay for taking writs to this court ran from the court of appeal's original writ denial, not its denial of rehearing."); *see also State v. Crandell,* 924 So.2d 122, 124-124 (La. 2006) (same) *citing Y.F.B. v. R.D.R., supra. and Morris v. Stueben*, 781 So.2d 1220 (La. 2001); *K.A.E.M. v. J.M.C.*, 983 So2d 1259 (La. 2008) (same). Thus, citing both Supreme Court Rule X, § 5(a) and Rule 2-18.7 of the Uniform Rules of the Louisiana Courts of Appeal as well as the Louisiana Supreme Court's decision in *Y.F.B. v. R.D.R.*, the Fifth Circuit has held that improperly filed applications for rehearings following an appellate court writ denial do not toll the federal one-year limitation period.  *Gaudet v. Cain*, 31 Fed. Appx. 835, 2002 WL 243278 (5th Cir. 2002); *see also Roland v. Cain,* 2014 WL 1365306, * 5 (W.D. La. 2014).

Thus, under *Williams v. Cain* and *Gaudet v. Cain*, petitioner's application for rehearing to the Third Circuit and untimely writ application to the Louisiana Supreme were not "properly filed" and could not serve to toll the limitations period.  Statutory tolling under § 2244(d)(2) ceased, at the latest, on July 27, 2013 when petitioner failed to meet the Rule X, § 5(a) thirty-day deadline to seek the next level of post-conviction review in a proper and timely fashion, which rendered his application no longer "pending."  *See Dixon v. Cain*, 316 F.3d at 555.  Thereafter, a period of over ten additional months elapsed before petitioner filed his federal *habeas corpus* petition in this

10

court.

As can be seen from the foregoing, a period of over nineteen un-tolled months elapsed between the date that petitioner's judgment of conviction became final and the date he filed the instant federal *habeas corpus* petition.  Therefore, it is clear that this petition is statutorily time-barred by the limitation provisions set forth in 28 U.S.C. § 2244(d), and dismissal on that basis is appropriate.

### *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).   To establish his entitlement to equitable tolling, a petitioner must "sho[w] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) *quoting Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (internal quotation marks omitted); *see also Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) and *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). However, "equity is not intended for those who sleep on their rights." *Manning,* 688 F.3d at 183 *quoting Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) *quoting In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Further, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's

own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not so extraordinary, rare or exceptional so as to provide a basis for equitable tolling. Moreover, the undersigned cannot find that petitioner pursued his rights diligently. In this case, petitioner allowed a period of approximately nine months to elapse after his conviction became final before he sought state post-conviction relief in the Louisiana state courts. Further, petitioner's failure to timely file his application for writs in the Louisiana Supreme Court on collateral review was attributable solely to petitioner; petitioner himself erred when he improperly sought rehearing in the Third Circuit Court of Appeals following the denial of his request for writs on collateral review. He then waited over ten more months after his post-conviction proceeding had ceased to remain pending before filing for relief in this court.

Therefore, the undersigned finds that petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d). Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana on November 12, 2014.

C. Michael Hill

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT
DATE: 11/12/2014
BY: cgg
TO: RTH, pj